IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| JOHN D. WILLIAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 21-819-GBW |
| | : | |
| BRIAN EMIG, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

---

John D. Williams. *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

---

### **MEMORANDUM OPINION[2]**


August 23, 2024
Wilmington, Delaware

---

[1]The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to this case.  *See* Fed. R. Civ. P. 25(d).

[2]This case was re-assigned to the undersigned's docket on September 7, 2022.

Williams, District Judge:

Presently pending before the Court is Petitioner John D. Williams'

("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

and Memorandum in Support.  (D.I. 1; D.I. 3)  The State filed an Answer in

opposition, to which Petitioner filed a Reply.  (D.I. 13; D.I. 17)  For the reasons

discussed, the Court will deny the Petition.

## I.    BACKGROUND

On December 22, 2015, Detective Thomas Rhoades ("Det. Rhoades") of the

Delaware State Police stopped Petitioner's car for an illegal window tint.  *See State*

*v. Williams*, 2020 WL 467938, at *1 (Del. Super. Ct. Jan. 27, 2020).

> Det. Rhoades knew before the traffic stop that [Petitioner]
> was a convicted sex offender who was required to register
> his address with the State. Before the stop, police also
> received tips regarding the vehicle's driver transporting
> drugs. During the traffic stop, Det. Rhoades noticed
> [Petitioner's] vehicle was registered in Pennsylvania.
> After [Petitioner] stated he had registered the car in
> Pennsylvania a month earlier, but had not changed his sex
> offender registration, Det. Rhoades decided to arrest
> [Petitioner] for failure properly to register as a sex
> offender. [Petitioner] was removed from the vehicle and
> handcuffed. Detective Nicholas Ronzo arrived seconds
> later and performed a canine sniff of the vehicle. During
> the sniff, the canine alerted to the presence of drugs. A
> handgun was recovered in the backseat during the ensuing
> vehicle search.

*Williams*, 2020 WL 467938, at *2.

In March 2016, a New Castle County grand jury indicted Petitioner on four counts: (1) possession of a firearm by a person prohibited ("PFBPP"); (2) possession of ammunition by a person prohibited ("PABPP"); (3) failure to register as a sex offender; and (4) improper window tint. (D.I. 14-4 at 8-9) On July 11, 2016, the Superior Court severed the failure to register as a sex offender charge. (D.I. 14-1 at 21) On July 19, 2015, the State entered a entered a *nolle prosequi* on the window tint charge. (D.I. 14-1 at Entry No. 25) A Delaware Superior Court jury found Petitioner guilty of PFBPP and PABPP on July 20, 20216. (D.I. 14-1 at Entry No. 25) On July 25, 2016, the State entered a *nolle prosequi* on the severed failure to register as a sex offender charge. (D.I. 14-2) The Superior Court sentenced Petitioner on November 4, 2016 as a habitual offender to an aggregate 15 years at Level V, followed by decreasing levels of supervision. (D.I. 14-16 at 90-94) Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence on June 20, 2017. *See Williams v. State,* 166 A.3d 100 (Table), 2017 WL 2671146 (Del. Jun. 20, 2017).

On June 7, 2018, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") and a motion to appoint counsel. (D.I. 14-17 at 89-128) The Superior Court appointed postconviction counsel, who subsequently filed a motion to withdraw. (D.I. 14-14; D.I. 17 at 129) On January 27, 2020, the Superior Court simultaneously denied

Petitioner's Rule 61 motion and  granted postconviction counsel's motion to withdraw.  *See generally Williams*, 2020 WL 467938.  The Delaware Supreme Court affirmed that judgment on March 30, 2021.  *See Williams v. State*, 249 A.3d 800 (Table), 2021 WL 122997, at *1 (Del. Mar. 30, 2021).

## II.   GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Additionally, AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28

U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of § 2254(d) if the state court decision finally resolved the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v.*

4

*Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.   DISCUSSION

Petitioner's timely-filed Petition asserts that trial counsel provided ineffective assistance ("IATC") by failing to properly litigate his Fourth Amendment claim that the evidence found in his car should have been suppressed.[3] According to Petitioner, the police used Petitioner's tinted windows as a pretext to stop and search his car without reasonable articulable suspicion, as demonstrated by the fact that the police did not issue a citation or a warning concerning the alleged illegal window tint.  (D.I. 3 at 3-5)  He contends that trial counsel was ineffective for not cross-examining the officers during the suppression hearing "as to their failure to issue [Petitioner] a citation or warning" and for not arguing that

_____

[3]The Petition actually presents two separate but interrelated claims: (1) trial counsel provided ineffective assistance by not arguing that the police officers' failure "to issue a citation or warning for an illegal window tint" demonstrates that there was "no record or evidence to support the officers' reason for initially stopping [Petitioner]" (D.I. 3 at 3, 6); and (2) the Delaware Supreme Court erred by affirming the Superior Court's decision denying Petitioner's ineffective assistance of counsel claim (D.I. 3 at 8).  The Court views these two arguments as asserting one issue, because the Court's consideration of Petitioner's IATC argument necessarily entails determining whether the Delaware state courts "erred" in applying clearly established federal law to his argument.

5

the officers' failure to issue a citation or ticket demonstrates that there was no reasonable articulable suspicion to initially stop him.  (D.I. 3 at 3, 6)

The record reveals that Petitioner presented the instant IATC Claim to the Superior Court in his Rule 61 motion.  The Superior Court denied the IATC Claim as meritless,[4] and the Delaware Supreme Court affirmed that decision "on the basis of and for the reasons assigned in the Superior Court's January 27, 2020 order denying [Petitioner's] motion for postconviction relief." *Williams*, 2021 WL 1229977, at *1.  Therefore, Petitioner's instant Claim will only warrant habeas relief if the Superior Court's decision[5] was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland*

---

[4]*See Williams*, 2020 WL 467938, at *3.

[5]The Superior Court's denial of the instant Claim is the last state court decision containing a reasoned analysis. Consequently, the Court references the Superior Court's decision when analyzing Petitioner's instant IATC argument under § 2254(d).  *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (reiterating that when a higher court affirms a lower court's judgment without an opinion or other explanation, federal habeas law employs a "look through" presumption and assumes that the later unexplained order upholding a lower court's reasoned judgment rests upon the same grounds as the lower court judgment); *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (under the "look through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

*v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539

U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate

that "counsel's representation fell below an objective standard of reasonableness,"

with reasonableness being judged under professional norms prevailing at the time

counsel rendered assistance. *Strickland*, 466 U.S. at 688. Although not

insurmountable, the *Strickland* standard is highly demanding and leads to a "strong

presumption that the representation was professionally reasonable." *Strickland*,

466 U.S. at 689. Under the second *Strickland* prong, a petitioner must demonstrate

that "there is a reasonable probability that, but for counsel's error the result would

have been different." *Id.* at 687-96. A reasonable probability is a "probability

sufficient to undermine confidence in the outcome." *Id.* at 688. In order to sustain

an ineffective assistance of counsel claim, a petitioner must make concrete

allegations of actual prejudice and substantiate them or risk summary dismissal.

*See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816

F.2d 885, 891-92 (3d Cir. 1987). A court may choose to address the prejudice

prong before the deficient performance prong, and may reject an ineffectiveness

claim solely on the ground that the movant was not prejudiced. *See Strickland*,

466 U.S. at 668.

Turning to the first prong of the § 2254(d)(1) inquiry in this proceeding, the

Court notes that the Superior Court correctly cited *Strickland* as governing

7

Petitioner's instant IATC argument. *See Williams,* 2020 WL 467938, at 3 n. 31; *Williams,* 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause"). Given these circumstances, the Superior Court's decision was not contrary to clearly established federal law.

The Court must also determine if the Superior Court reasonably applied the *Strickland* standard to the facts of Petitioner's case. *See Harrington,* 562 U.S. at 105-06. When performing this inquiry, the Court must review the Superior Court's denial of Petitioner's IATC allegation through a "doubly deferential" lens. *Id.* "[T]he question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

8

In this case, trial counsel filed a motion to suppress the evidence obtained from Petitioner's car on the basis that: (1) "Detective Rhoades did not have a reasonable belief that [Petitioner's] windows had excessive tint in violation of Delaware law as required to support the stop of the automobile"; (2) the warrantless search of the car violated the Delaware Constitution and Fourth Amendment because "no exigency existed that would justify foregoing a warrant"; and (3) the canine sniff and alert to the presence of drugs did not provide officers probable cause to search the car. (D.I. 14-4 at 11, 13, 17-19)  During the suppression hearing, trial counsel extensively cross-examined Det. Rhoades about the window tint and later argued that the alleged window tint violation did not serve as a legitimate basis to initiate the traffic stop.[6]  (D.I. 14-11 at 17-18, 28-29)  Relying on *State v. Trower*, 931 A.2d 456 (Del. 2007), the trial court rejected trial counsel's argument, explaining that "the police did not have to have scientifically demonstrable evidence that [Petitioner] was driving a car with illegal tint, they merely need to have enough evidence to support pulling him over, [which] they did."  (D.I. 14-11 at 32)  The trial court ruled from the bench and denied Petitioner's motion to suppress.  (D.I. 14-11 at 32)

---

[6]Petitioner's instant IATC Claim focuses on trial counsel's performance when challenging the justification for the initial stop.  Therefore, the Court limits its analysis to that issue as well.

On direct appeal, Petitioner argued that Det. Rhoades did not possess a reasonable articulable suspicion to stop Petitioner due to the window tint and, even if he did, "the police used a traffic stop as a 'device to circumvent constitutional search and seizure requirements.'" (D.I. 14-3 at 14-20)  The Delaware Supreme Court affirmed the trial court's denial of Petitioner's suppression motion "on the basis of and for the reasons assigned by the [trial court] in its bench ruling dated June 3, 2016" denying his motion to suppress. *Williams*, 2017 WL 2671146, at *1. In his Rule 61 motion, Petitioner reasserted his argument that the police did not possess a reasonable articulable suspicion to stop him on the basis of the window tint, and presented the same IATC Claim raised here, namely, that trial counsel was ineffective for not informing the trial court "that the failure of the police to issue a ticket for a dark window tint was proof the traffic stop was not random and was just a prelude to the true objective the police were after: to search [Petitioner's] vehicle for the possible existence of heroin and cocaine." (D.I. 14-9 at 6-14)  The Superior Court denied Petitioner's IATC Claim after concluding that Petitioner failed to satisfy either prong of the *Strickland* standard, explaining:

> In the motion to suppress, Trial Counsel argued the police officers did not have reasonable articulable suspicion to stop [Petitioner] or continue his detention and lacked probable cause for the vehicle search. Those arguments also were advanced on appeal.  Additionally, issuance of a ticket during a traffic stop is not material to determining whether the police had reasonable articulable suspicion to

10

> stop a vehicle or probable cause to search it.  [Petitioner]
> does not meet the burden of showing Trial Counsel's
> performance objectively was unreasonable or that
> [Petitioner] was prejudiced as a result.

*Williams*, 2020 WL 467938, at *3.

It is well-settled that the police may stop a person or vehicle and briefly detain the individual for investigative purposes if they have a "reasonable suspicion" of criminal activity.  *See United States v. Arvizu,* 534 U.S. 266, 273 (2002).  Reasonable suspicion exists if the police have a particularized and objective basis for suspecting legal wrongdoing, and a court determines the existence of reasonable suspicion by considering the totality of the circumstances of each case.  *Id.*

After reviewing the record, the Court concludes that the Superior Court reasonably applied *Strickland* in denying Petitioner's instant IATC Claim.  During the suppression hearing, Det. Rhoades testified that the windows on Petitioner's car were dark enough that he could not see inside the vehicle. (D.I. 14-11 at 16-17) Under Delaware law, Det. Rhoades' observations provided reasonable articulable suspicion to conduct an investigatory traffic stop of Petitioner's car for a violation of Delaware motor vehicle law.  *See, e.g., Trower*, 931 A.2d at 458-59 (holding that "window tint which is so dark that one cannot see the occupants inside the vehicle creates a reasonable suspicion that it violates the standard" and justifies

stopping the vehicle).  The fact that Det. Rhoades did not issue a ticket or citation for a window tint violation does not change the fact that the initial traffic stop was justified.  *See United States v. Richardson*, 504 F. App'x 176, 181 n.7 (3d Cir. Nov. 16, 2012).

An attorney does not perform deficiently for failing to raise a meritless argument.  *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").  Thus, the Superior Court reasonably applied *Strickland* in holding that trial counsel's failure to argue that the officers' failure to issue a window tint ticket demonstrated they lacked reasonable articulable suspicion to stop Petitioner did not constitute deficient performance under the first prong of the *Strickland* standard.  And, given the Delaware state courts' conclusion that the police had reasonable articulable suspicion to conduct an initial traffic stop, the Superior Court reasonably applied *Strickland* in holding that trial counsel's failure to present evidence that the police did not issue a ticket for a window tint violation did not satisfy the prejudice prong of the *Strickland* standard.[7]  *See Juliano v. State*, 254 A.3d 369, 382, 386 (Del.

---

[7]When denying Petitioner's suppression motion, the trial court explained:

> Clearly the stop was pretextual, but clearly that's okay, if the basis for the stop can be constitutionally justified, it really

12

Nov. 12, 2020) (explaining that a pretextual traffic stop is not an unreasonable seizure if objective facts support the officer's conclusion that reasonable articulable suspicion existed to investigate even a minor traffic offense); *United States v. Hunter*, 2022 WL 1011225, at *3 (3d Cir. Apr. 5, 2022) (explaining "officers may conduct pretextual stops so long as there is reasonable, articulable suspicion that a traffic violation was taking place.").

Accordingly, the Court will deny Petitioner's IATC Claim for failing to satisfy § 2254(d).

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *see also*

---

doesn't matter whether it was pretextual or not.  If I follow the *Trower* case, and I do, the police did not have to have scientifically demonstrable evidence that the defendant was driving a car with illegal tint, they merely needed to have enough evidence to support pulling him over, they did, under *Trower*.

(D.I. 14-4 at 49)

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court will deny the instant Petition without holding an evidentiary hearing or issuing a certificate of appealability. The Court will enter an order consistent with this Memorandum Opinion.